# United States District Court

<u>           MIDDLE           </u> DISTRICT OF <u>           ALABAMA           </u>

**FILED**
SEP 1 2 2006
CLERK
U.S. DISTRICT COURT
MIDDLE DIST. OF ALA.

| | |
|---|---|
| **In the matter of the Search of**<br>(Name, address or brief description of person, property or premises to be searched)<br><br>2821 Branchway Road, Millbrook, AL 36054 | **APPLICATION AND AFFIDAVIT<br>FOR SEARCH WARRANT**<br><br>CASE NUMBER: 2:06mj 90-SRW |

I <u>    Margaret Faulkner    </u> being duly sworn depose and say:

I am an agent <u>with the Federal Bureau of Investigation</u> and have reason to believe

that ☐ on the person of or ☒ on the property or premises known as (name, description and/or location)

2821 Branchway Road, Millbrook, AL 36054,

in the <u>    Middle    </u> District of <u>    Alabama    </u>
there is now concealed a certain person or property, namely (describe the person or property to be seized)

**See Attachment A**

which is (state one or more bases for search set forth under Rule 41(b) of the Federal Rules of Criminal Procedure)

**property that constitutes evidence of the commission of a criminal offense,**

concerning a violation of Title <u>  18  </u> United States Code, Section(s) <u>  2251(a)  </u>

The facts to support the issuance of a Search Warrant are as follows:

**See Attached Affidavit**

Continued on the attached sheet and made a part hereof:   ☒ Yes   ☐ No

*Margaret F. Faulkner*
Signature of Affiant

Sworn to before me and subscribed in my presence,

<u>August 18, 2006</u>                    at   <u>Montgomery, Alabama</u>
Date                                                           City and State
SUSAN RUSS WALKER
United States Magistrate Judge                     *[signature]*
Name & Title of Judicial Officer                         Signature of Judicial Officer

AFFIDAVIT

I Margaret L. Faulkner do depose and state the following:

1. I am a Special Agent with the FBI and have been so employed for the past 18 1/2 years. Prior to my employment with the FBI, I was employed with the Montgomery Police Department for 10 1/2 years. While employed with the Montgomery Police Department I investigated child sex crimes as part of my investigative responsibilities for 5 of the 10 1/2 years. Presently I am the Crimes Against Children Coordinator for the Middle District of Alabama and have attended numerous FBI schools dealing with Child Sex Crimes to include schools educating investigators on Child Pornography on the Internet.

2. This affidavit is being made is support of a search warrant for the residence of Connie Lanarr Chestnutt at 2821 Branchway Road, Millbrook, Alabama, 36054. The information contained in my search warrant is based upon my own investigation and experience, as well as information provided by other law enforcement officials, including Corporal Johnny Russell of the Millbrook Police Department. Because this affidavit is being submitted for the limited purpose of securing a search warrant, it does not contain all available information gained from the investigation , but only those facts deemed necessary to establish probable cause for the requested search warrant.

3. I have probable cause to believe that evidence in Violation of Title 18, United States Code, Section 2251(a) involving the Production of Child Pornography is located at 2821 Branchway Road, Millbrook, Alabama, 36054. 2821 Branchway Road, Millbrook, Alabama, 36054 is described as a single story brick dwelling containing a front porch with white columns and white shutters on the front windows. Affiant has been to this residence previously.

## Definitions important to this investigation

1. <u>Internet Service Provider (ISP)</u> - is a company that provides individual and businesses access to the Internet, through telephone, cable or satellite connections. Some ISP's also offer a variety of other services, such as e mail, newsgroups, message boards, and online chat.

2. <u>Minor</u> - Title 18, United States Code Section 2256(1), defines "minor" as any person under the age of eighteen years.

3. <u>Child Pornography</u> - any visual depiction of a minor engaged in sexually explicit conduct in Violation of Title 18, United States Code, Section 2256(8)(A)(B) and (C).

4. <u>Sexually explicit conduct</u> - actual or simulated sexual intercourse, including genital-genital, oral-genital, and anal-genital, or oral-anal, whether between person of the same or opposite sex, to include such acts as bestiality, masturbation, sadistic or masochistic abuse and/or lascivious exhibition of the genital or pubic area of any person.

     5. <u>Computer</u> - is defined as pursuant to Title 18, United States Code Section 1030(e)(1), as an electronic, magnetic, optical, electrochemical, or other high speed data procession device performing logical or storage functions, and includes any data storage facility or communications facility directly related to or operation in conjunction with such device. 5. Pursuant to my training and experience, I know the following:

## SEXUAL EXPLOITATION OF CHLDREN BACKGROUND

     A. The majority of individuals who collect child pornography and subscribe to child pornography Websites are persons who have a sexual attraction to children. They receive sexual gratification and satisfaction from sexual fantasies fueled by depiction of children that are sexual in nature.

     B. Individuals whose sexual objects are minors commonly collect and save child pornography as representations of their sexual fantasies. These include explicit reproductions of a child's image, voice, or handwriting, and they include computer image files, photographs, negatives, magazines, motion pictures, video tapes, books, slides, audiotapes, handwritten notes, drawings or other visual media.

     C. Individuals who collect child pornography usually keep and cherish it and rarely throw it away. They typically keep it for many years, and will not be without it for long periods of time. These materials are usually maintained in a secure place, most often a residence, to avoid detection by law enforcement.

     D. Child Pornography is a permanent record of the sexual abuse of a child victim. Each time child pornography is reproduced, downloaded, or forwarded by an Internet user, the victimization of the minor appearing in the pornography is perpetuated. Such items are important evidence and indications of an individual whose sexual objects are children and of that individual's motive, intent, and predisposition to violate Section 13A-12-192 of the Code of Alabama and Title 18 USC SEC 2251(a)(b)(c)(A).

     E. Individuals who collect child pornography often correspond or meet others to share information and material, rarely destroy correspondence from other child pornographers, conceal such correspondence as they do their sexually explicit material and often maintain lists of names, addresses, telephone numbers and screen names of individuals with whom they have been in contact and who share the same interests in child pornography.

     F. The majority of individuals who collect child pornography maintain books, magazines, newspapers and other writing, in hard copy or digital medium, on the subject of sexual activities with children, as a way of understanding their own feelings toward children, justifying those feelings and finding comfort in the fact that they are not alone in their illicit desires and behavior focused on children. Such individuals rarely destroy these materials because they play an integral role in their fantasy lives and provide them with

psychological support.

    G. Information, data and images found on a computer must be placed there by some means including but not limited to, human in-put, down-loading from the Internet, down-loading from anther source such as a compact disc, dvd or video.

    I. Information stored on a computer's hard drive may remain and be located in a computer's unallocated space, even if an individual has taken steps to erase this information from the computer.

## LOCAL INVESTIGATION

    4. On June 12, 2005, Corporal Johnny Russell, Millbrook Police Department received information from the parents of 13 year old K. S. and 14 year old J.D. that Joshua Hester had engaged in sexual acts with their daughters; had taken pictures of the sexual acts and placed these images on a CD-R. The CD-R containing these sexual acts were located on a CD-R that belonged to Joshua Hester.

    5. Specifically, on June 11, 2005, Cassie Shuck, Joshua Hesters' girlfriend, was told that Joshua Hester had engaged in Sex with a 14 year old female and the images of this sexual contact could be located on a CD-R. Cassie Shuck had Hester's CDs in her possession and opened the CDs. Images of J.D. the 14 year old female engaged in sex acts with Hester were located. Also located were images of a 13 year old female identified as K.S who is known to her. Cassie then notified the parents of K.S.

    6. On June 14, 2005, K.S. was interviewed by Child Protect and stated Joshua Hester had engaged in sexual activity with her on January 17, 2005 at his mother's house. During the sexual acts, Hester had taken pictures of K.S. with a camera attached to a computer. Hester, told K.S. these pictures were in his photo album on his Yahoo account. On occasion, Hester would ask K.S. to check his Yahoo account for e-mails since he did not have a computer and had to use his mother's laptop computer to check his e mails. According to K.S. Hester always used his mother's laptop computer.

    7. On November 30, 2005, Matthew Jocks advised Cpl. Russell that Joshua Hester had bragged to him that he had sexually explicit photographs of J.D. and showed Jocks these images. Hester accessed his photo album on his Yahoo account and used a computer to do this. Jocks also knows that Hester uses his mother's laptop computer on occasion.

    8. On August 2, 2006, in the detention hearing before United States Magistrate Deloris Boyd, Connie Chestnut the mother of Joshua Hester told Judge Boyd she had a computer and kept the computer in a safe at her home.

    9. Images depicting sexual acts with K.S. portrayed certain items in the back ground such as an entertainment center and bed clothing. K.S. has indicated these items are located in Hester's bedroom at 2821 Branchway Road, Millbrook, Alabama. Investigation has also determined that an individual familiar with Joshua Hester's bedroom, and who has seen the

sexually explicit images of K.S. , ~~identify~~ *may identified (CW)* the location the pictures were taken as the bedroom of Joshua Hester.

10. The images depicting J.D. and the male she identified as Joshua Hester portray an individual wearing bright red and blue boxer shorts and a navy blue tee shirt. The red and blue shorts also have a white two hole button on the front flap with white tread.

## CONCLUSIONS

11. Based upon the foregoing, affiant has probable cause to believe that evidence of violations of Title 18, United States Code, Sections 2251(a) involving the Production of child pornography, is located at 2821 Branchway Road, Millbrook, Alabama, 36054.

_____
Special Agent Margaret L. Faulkner

Sworn to and subscribed before me this 18th day of August, 2006.

_____
United States Magistrate Judge

ATTACHMENT A

DESCRIPTION OF ITEMS TO BE SEIZED

Affiant seeks to search for, and seize, evidence and instrumentalities of pornography, including:

1. Computer hardware, computer software, computer-related documentation, computer passwords and data security devices, further described as follows:

(A) Computer hardware consists of all equipment which can collect, analyze, create, display, convert, store, conceal, or transmit electronic, magnetic, optical, or similar computer impulses or data. Hardware includes (but is not limited to) any data-processing devices (such as central processing unit, memory typewriters, and self-contained "laptop" or "notebook" computer); internal and peripheral storage devices (such as fixed disks, external hard disks, floppy disk devices and diskettes, tape drives and tapes, optical storage devices; transistors-like binary devices, and other memory storage devices); peripheral input-output devices (such as keyboards, printers, scanners, plotters, video display monitors, and optical readers); and related communication devices (such as modems, cables, and acoustic couplers, automatic dialers, programmable telephone dialing or signaling devices, and electronic tone-generating devices); as well as any devices, mechanisms, or parts that can be used to restrict access to computer hardware (such as physical keys and locks).

(B) Computer software is digital information which can be interpreted by a computer and any of its related components to direct the way they work. Software is stored in electronic, magnetic, optical, or other digital form. It commonly includes programs to run operating systems, applications, (like word processing, graphic, or spreadsheets programs), utilities, compilers, interpreters, and communications programs.

(C) Computer related documentation consists of written, recorded, printed or electronically stored material which explains or illustrates the configuration or use of any seized hardware, software, or other related items.

(D) Computer passwords and other data security devices are designed to restrict access or to hide computer software,

documentation or data. Data security devices may consist of hardware, software, or other programming code. Data security hardware may include encryption devices, chips, and circuit boards. Data security software or digital code may include programming code that creates "test" keys or "hot" keys, which perform certain pre-set security functions when touched. Data security software or code may also encrypt, compress, hide, or "booby-trap" protected data to make it inaccessible or unusable, as well reverse the process to restore it.

2. Any and all computer correspondence pertaining to (1) the possession, receipt or distribution of visual depictions of minors engaged in sexually explicit conduct, as defined in Title 18, United State Code, Section 2256; or (2) the persuading, inducing or enticing of a child under the age of 16 to engage in sexual activity, through the use of any facility or means of interstate commerce (or attempting to do so).

3. Any child pornography, in whatever form, as defined in Title 18, United State Code, Section 2256.

4. Any and all computer correspondence pertaining to the travel in interstate commerce for the purpose of engaging in illegal sexual activities with children under 18.

5. Any and all computer correspondence (1) offering to transmit through interstate commerce including by United State mails or by computer, any visual depiction of minors engaged in sexually explicit conduct, as defined in Title 18, United State Code, Section 2256.

6. Any and all computer correspondence identifying persons (1) transmitting, through interstate commerce, including by United State mails or by computer, any visual depiction of minors engaged in sexually explicit conduct, as defined in Title 18, United State Code, Section 2256; or (2) persuading, inducing or enticing of a child under the age of 16 to engage in sexual activity, through the use of any facility or means of interstate commerce (or attempting to do so).

7. Any and all electronic communications and E-mail.

8. Address books, phone books that might contain information on other subjects and/or victims.

9. Any and all audio/visual equipment with the capability of creating or editing tapes, films, movies, or other visual depictions of minors engaging in sexually explicit conduct.

10. Receipts, and or other records, indicating the processing or developing of film.

11. Non-sexual photographs, pictures, or video tapes, of children that Thomas Blindauer, and others unknown to affiant, may have had contact with.

12. Information leading to the identity and age of the children depicted in the images described above.

13. Photographs, magazines, movies, video tapes, negative slides, and undeveloped film depicting nudity of both adults and children.

14. Non-sexual photographs, pictures, or video tapes of children, commonly referred to as child erotica.

15. Writings, including, but not limited to, diaries, ledgers, letters, or other correspondence, both written and electronic, which includes sexual content.

16. Any and all letters, envelopes, and other correspondence identifying persons transmitting, through the United States mail, or by computer, any visual depiction of children engaging in sexual conduct.

17. Indicia of occupancy, consisting of items tending to establish the identity of the person, or persons, having control of the premises at ~~103 Oaklawn Court, Dothan, Alabama.~~ Alabama 36054. 2821 Branchway Road, Millbrook *[initials]* SRW

18. Indicia of the identity of the male depicted in the subject images, including clothing, linens, blankets, stereo equipment, or any other object depicted in the images.